C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CONSUELO MARIE BARBETTA,  :
                                                                      :
                                      Plaintiff,         :
                                                                      :    **MEMORANDUM DECISION**
            - against -                               :    **AND ORDER**
                                                                      :
JIMMY COURNOYER,                         :    20-cv-1917 (BMC) (SJB)
                                                                      :
                                    Defendant.      :
-------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* brings this diversity action against defendant, a convicted drug dealer, under New York's Drug Dealer Liability Act, N.Y. Gen. Oblig. § 12-101 *et seq.* Because plaintiff alleges no facts from which the Court can infer defendant's liability to plaintiff, the complaint fails to state a claim upon which relief can be granted. Plaintiff has 20 days from the entry of this Order to file an amended complaint, if she so chooses.

## BACKGROUND

According to the complaint, plaintiff was addicted to marijuana for almost 20 years before defendant was arrested for his now well-publicized drug trafficking operation.[1] Plaintiff began smoking in high school and continued doing so during her time in college, where she lived only minutes away from her unidentified drug dealer (not the defendant). Between 2008 and 2015, plaintiff "bought weed from the same person . . . at $20 per gram, sometimes several times a day." Plaintiff believes her drug habit cost her up to $75,000 per year and at least 30,000 hours of her life.

---

[1] See Alan Feuer, *The Rise and Fall of the Biggest pot Dealer in New York City History*, N.Y. Times, Sept. 5, 2014.

In 2015, plaintiff stopped purchasing marijuana from her long-time dealer, but was soon after contacted on Facebook by another dealer who shared a mutual connection with plaintiff. This relationship with the second dealer continued on for about three years. At some point in 2018, plaintiff sought rehabilitative treatment for her drug use, around which time she "was informed that [she] was probably being extorted by a drug trafficking ring." She thereafter filed a police report and complaints with both the Department of Justice and a district attorney's office, although it doesn't appear there has been an investigation regarding any of these reports.

As a result of her protracted drug use, plaintiff claims that she wasted a lot of time and that her productivity, physical health, and financial stability have all greatly diminished.

## DISCUSSION

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an

indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

The Drug Dealer Liability Act, N.Y. Gen. Oblig. § 12-101 *et seq.*, permits recovery of damages by a former drug user against a person "who knowingly participated in the chain of distribution of an illegal drug that was actually used by the individual drug user." In order to qualify as an eligible plaintiff under this law, the former drug user must have (a) disclosed all known information regarding their source of drugs to law enforcement authorities more than six months before filing the action; and (b) not used any illegal drug for at least six months preceding filing the action. N.Y. Gen. Oblig. § 12-105. A plaintiff who meets these requirements may recover economic damages, including for rehabilitation, treatment, and medical expenses, as well as for "loss of economic potential" and "loss of productivity." Id.

Here, plaintiff alleges no facts that tend to show, or even hint at, the possibility that defendant played a part in her drug using activities. The lone mention of defendant in the complaint is in response to a prompt in the form pleading asking plaintiff to "[s]tate how each defendant was involved and what each defendant did the caused plaintiff harm." In reply, plaintiff merely writes that the defendant has a reputation as being "[t]he biggest pot dealer in New York City History," which is apparently a reference to the title of the New York Times article cited above.

The only people identified in the complaint as playing a role in the "chain of distribution" of illegal drugs consumed by plaintiff are the two drug dealers who sold marijuana to plaintiff between 2008 and 2018. But they are not defendants in this action. Because plaintiff alleges no discernable connection between her drug purchases and defendant's conduct, the complaint fails

to state a claim for relief.  Very simply, plaintiff may not sue someone who has nothing to do with the harms she suffered.  See Twombly, 550 U.S. at 570.

## CONCLUSION

The complaint is dismissed.  Plaintiff's [2] request to proceed *in forma pauperis* is granted.  In light of plaintiff's *pro se* status, the Court will permit her to file an amended complaint within 20 days from the date of this Order in order to plead any facts that tend to show defendant is responsible for plaintiff's injuries.  The amended complaint must be labeled "Amended Complaint" and include the index number of this case (20-cv-1917).  This amended complaint will completely replace plaintiff's original complaint.

In addition, the Court has previously warned plaintiff that if she continued to file frivolous complaints, then the Court would impose an anti-filing injunction against her.  See Barbetta v. Your Smile Dental, 18-cv-6702, Docket No. 9, March 28, 2019 Order, at 4.  The present case reflects the same frivolous character as her past complaints and it seems plaintiff is content to continue to waste this Court's time and resources.  She is again warned that she is on the cusp of having her right to file actions in federal court severely curtailed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____  
U.S.D.J.

Dated: Brooklyn, New York  
      April 27, 2020